FILED'11 FEB 11 14:15usDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## DIVISION OF PORTLAND

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., | Case No. 3:11-CV-157-PK |
| Plaintiff, | |
| v. | TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| ERIK LAWRENCE, and BRENT W. NORMAN, | |
| Defendants. | |

The above-referenced matter came for hearing before the Honorable Michael W.

Mosman on February 9, 2011 ("TRO Hearing"), upon Plaintiff UBS Financial Services Inc.'s

("UBS") Motion for a Temporary Restraining Order against Defendants (individually,

"Lawrence" and "Norman") and Order to Show Cause Why Preliminary Injunction Should Not

Issue. At the TRO hearing, UBS was represented by Daniel P. Larsen of Ater Wynne, LLP, and

Defendants were represented by Keith A. Ketterling and Steven C. Berman of Stoll Stoll Berne

Lokting & Shlachter P.C.

{SSBLS Main Documents\5208\202\00286373-1 }

The Court, having reviewed the submissions made on behalf of the parties, having heard the arguments of counsel, and being fully advised in the premises hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court ORDERS as follows:

1.    Effective immediately upon the posting of the bond described in Paragraph 2 below, Defendants are hereby enjoined from soliciting any UBS client formally serviced by the Sommers Lawrence Norman Group who is not on the list of clients with accounts at UBS provided by Lawrence and Norman to UBS on February 4, 2011.

2.    Pursuant to Fed. R. Civ. P. 65(d)(2), this Order shall bind only the parties, the parties' officers, agents, servants, employees, attorneys and persons who are in active concert or participation with any of those people, provided that they receive actual notice of this Order by personal service or otherwise.

3.    This Order shall be effective immediately upon the posting of a bond by UBS in the amount of $1,000, and shall remain in full force and effect, except as otherwise agreed among the parties, until the Court rules on whether a preliminary injunction will be issued. This Order shall expire upon the issuance of an Order by the Arbitration Panel after a Hearing (if necessary) on Request for Permanent Injunctive Relief pursuant to Rule 13804(b) of the Code of Arbitration Procedure for Industry Disputes in the matter styled, UBS Financial Services Inc. v. Erik Lawrence, Brent W. Norman and Paulson Investment Company, Inc., currently pending before FINRA Dispute Resolution as Arbitration No. 11-00541.

4.      Defendants are hereby required to appear before the Court on April 12, 2011, at

9:00 a.m., to show cause, if any there may be, why this Order should not continue and remain in

effect during the pendency of this action and why a preliminary injunction should not be issued.

IT IS SO ORDERED

DATED this ⟨O day of February, 2011.

_____
Michael W. Mosman
United States District Court Judge

**SUBMITTED BY:**

**STOLL BERNE LOKTING & SHLACHTER P.C.**

By:     /s/ Steve C. Berman
        **Keith A. Ketterling**, OSB No. 913368
        **Steven C. Berman**, OSB No. 951769

209 SW Oak Street, 5th Floor
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        kketterling@stollberne.com
              sbernam@stollberne.com

Attorneys for Defendants

{SSBLS Main Documents\5208\202\00286373-1 }

Page 3 -   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
           PRELIMINARY INJUNCTION SHOULD NOT ISSUE